UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAVANCE TURNAGE, *Pro Se*, ) | Case No.: 1:17 CV 2138 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| OHIO DEPT. OF REHABILITATION ) | MEMORANDUM OF OPINION |
| AND CORRECTION, *et al.*, ) | AND ORDER |
| ) | |
| Defendants ) | |

*Pro Se* Plaintiff Lavance Turnage filed this action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Director Gary Mohr, Mansfield Correctional Institution ("MANCI") Warden Alan Lazaroff, MANCI Institutional Investigator Susan McGuire, MANCI Correctional Officer Stacey Painter and MANCI Correctional Officer Robert Schmidt. In the Complaint, Plaintiff asserts Painter and Schmidt made racially offensive comments to him and filed conduct charges against him in retaliation for a grievance filed by his cellmate. He claims their actions denied him due process as well. He seeks expungement of his prison disciplinary record and monetary damages.

**Background**

Plaintiff contends that in June 2015, Schmidt addressed his cellmate with racially offensive and unprofessional language. His cellmate filed a grievance against Schmidt. On July 21, 2015, the

security response team came to Plaintiff's cell pod and conducted a shakedown of the entire unit. Plaintiff claims Painter ran to his cell first, and used racially offensive language to indicate he was going to search the cell. Painter seized Plaintiff's magazines and newspapers. He also reviewed information from the publications' websites on the topic of drones, which Plaintiff sent to his family. McGuire conducted an investigation and issued a conduct report on Plaintiff in late July or early August 2015. He was found guilty of the conduct charges, resulting in confinement to segregation for fourteen days, to local control for an additional thirty days, and to a limited privilege housing unit for an additional ninety-three days.

Plaintiff alleges Painter continued to make racially offensive comments to him in the segregation unit. He indicates he filed grievances against Painter and Schmidt on October 4, 2015, and November 6, 2015. Institutional Inspector Melton granted a grievance against Painter in January 2016, but the Warden and the ODRC would not revisit Plaintiff's disciplinary conviction.

Plaintiff asserts claims for retaliation, racial harassment, and denial of due process based on the disciplinary conviction in 2015. He asserts Painter and Schmidt retaliated against him for a grievance his cellmate filed. He further disputes his guilt of the conduct charges pertaining to the drones, and asserts he was denied due process at his disciplinary hearing.

## Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37

(1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**Analysis**

As an initial matter, the ODRC, and the individual Defendants sued in their official capacities are immune from suit. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies, and state employees sued in their official capacities. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Furthermore, Plaintiff fails to state a claim for relief against Mohr, or Lazaroff in their

3

individual capacities. Plaintiff does not allege these individuals participated in actions he claims to have been retaliatory, or to have denied him due process. He names them because they hold supervisory positions within the prison and the ODRC. A supervisor cannot be held liable for the acts of an employee under a theory of *respondeat superior* liability. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978). They cannot be held liable for merely failing to act, or having the right to control employees. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, Plaintiff must allege facts suggesting they actively engaged in the unconstitutional behavior. *Id.* Plaintiff's Complaint does not suggest that either Mohr or Lazaroff was aware of Painter or Schmidt's conduct toward Plaintiff, or that they directly participated in it. Plaintiff's claims against them are dismissed.

Plaintiff claims McGuire as the Institutional Investigator reviewed evidence against him and charged him with a conduct violation. Plaintiff disputes his guilt to the charges. The Constitution does not guarantee that only the guilty will be accused. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979). False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *see also Jackson v. Madery*, Nos. 04-1805, 04-1871, 2005 WL 3077136 (6th Cir. May 30, 2006); *Jackson v. Hamlin*, No. 02-2040, 2003 WL 1194246, at *2 (Mar. 11, 2003); *Munson v. Burson*, No. 98-2075, 2000 WL 377038 at *3 (6th Cir. April 7, 2000). Plaintiff does not allege any facts pertaining to his hearing. He states only that he was convicted. He fails to state a claim against McGuire.

Moreover, the Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to

4

make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*

In this case, although Plaintiff attempts to characterize his claim as a denial of due process, he simply attacks the result of the disciplinary hearing. He does not complain about the hearing process, nor does he suggest he did not have sufficient notice of the charges. He does not indicate what evidence was collected and used against him. While he disputes the resolution of factual issues and his finding of guilt, he has not sufficiently demonstrated he was denied due process.

Plaintiff's remaining claims for retaliation and harassment against Painter and Schmidt are barred by the statute of limitations. Ohio's two-year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir.

5

1995). The actions alleged in the Complaint took place in June and July 2015. This action was filed on October 10, 2017, well beyond the expiration of the two-year statute of limitations period. While the expiration of the statute of limitations period is an affirmative defense that generally must be raised by the Defendants in a responsive pleading. Fed.R.Civ.P. 8(c)(1), the Complaint may be dismissed, *sua sponte*, at the screening stage if it is clear from the face of the Plaintiff's Complaint that relief is barred. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In this case, it is apparent on the face of the Complaint that the statute of limitations for these claims expired, and these claims are also dismissed.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 27, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.